**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| MIGUEL ENRIQUE DIAZ, | No. 12-15367 |
| Plaintiff - Appellant, | D.C. No. 2:11-cv-02274-EFB |
| v. | |
| McCUE; et al., | MEMORANDUM[*] |
| Defendants - Appellees. | |

Appeal from the United States District Court
for the Eastern District of California
Edmund F. Brennan, Magistrate Judge, Presiding[**]

Submitted February 11, 2013[***]

Before:     FERNANDEZ, TASHIMA, and WARDLAW, Circuit Judges.

Miguel Enrique Diaz, a California state prisoner, appeals pro se from the

district court's judgment dismissing sua sponte his 42 U.S.C. § 1983 action for

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]     Plaintiff consented to proceed before a magistrate judge. *See* 28 U.S.C. § 636(c).

[***]     The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

failure to exhaust administrative remedies. We have jurisdiction under 28 U.S.C. § 1291. We review de novo a district court's dismissal under 28 U.S.C. § 1915A, *Resnick v. Hayes*, 213 F.3d 443, 447 (9th Cir. 2000), and we vacate and remand.

Sua sponte dismissal of Diaz's action for failure to exhaust administrative remedies was improper because Diaz's filings at this early stage of the proceedings do not clearly show that Diaz failed to exhaust any available administrative remedies. *See Wyatt v. Terhune*, 315 F.3d 1108, 1119-20 (9th Cir. 2003) (nonexhaustion is an affirmative defense, and prisoner's concession to nonexhaustion is a valid ground for dismissal only if no exception to exhaustion applies and record is clear that plaintiff has conceded); *see also Nunez v. Duncan*, 591 F.3d 1217, 1224-26 (9th Cir. 2010) (exhaustion may be excused where a prisoner's reasonable attempts to exhaust remedies are thwarted by the prison staff's mistakes); *Brown v. Valoff*, 422 F.3d 926, 935 (9th Cir. 2005) ("[A] prisoner need not press on to exhaust further levels of review once he has either received all 'available' remedies at an intermediate level of review or been reliably informed by an administrator that no remedies are available."). Accordingly, we vacate and remand with instructions to allow Diaz to amend his complaint to address the substantive issues identified in the district court's order of January 18, 2012.

**VACATED and REMANDED.**